**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52921**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 2, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| FABIAN HERNANDEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Steven W. Boyce, District Judge.

Judgment of conviction and unified life sentence with a minimum period of confinement of thirty-five years for second degree murder, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Fabian Hernandez pled guilty to second degree murder, Idaho Code § 18-4001. In exchange for his guilty plea, additional charges were dismissed. The district court imposed a term of life with thirty-five years determinate. Hernandez filed an Idaho Criminal Rule 35 motion for reduction of sentence which the district court denied.[1] Hernandez appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

_____

[1] The denial of the Idaho Criminal Rule 35 motion is not at issue in this appeal.

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Hernandez's judgment of conviction and sentence are affirmed.